UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHECKERS DRIVE-IN RESTAURANTS,
INC., a Delaware corporation,

    Plaintiff,

v.                                      Case No. 8:10-cv-02767-T-30MAP

HULON FAST FOODS, INC., a South
Carolina corporation, and MICHAEL G.
HULON, individually,

    Defendants.
_____/

## ORDER

THIS CAUSE, having come before the Court on Plaintiffs' Motion for Entry of Default Final Judgment Permanently Enjoining Operation of Two (2) Checkers Restaurants and Awarding Damages (Dkt. 14) (the "Motion") and the Court, being otherwise duly advised in the premises, finds as follows:

    1.    Checkers is a Delaware corporation with its principal place of business located at Westshore Place II, 4300 W. Cypress St., Suite 1600, Tampa, Florida 33607. Checkers is engaged in the business of franchising independent business persons to operate Checkers' and Rally's restaurants throughout the United States.

    2.    Checkers is the owner of the trademark, service mark and trade name "Checkers" and related marks. Checkers has the exclusive right to use and to license others to use these marks and trade names, which have been used by Checkers or its predecessor in interest since approximately 1984 to identify Checkers restaurants and the products and services associated with those restaurants. Checkers owns numerous federal registrations for the name "Checkers" and related marks. Among those registrations are Registration Nos. 1,782,889 and 1,750,671.

Each of these registrations is in full force and effect, and is incontestable pursuant to 15 U.S.C. § 1065.

3. Checkers franchisees who operate Checkers restaurants are licensed to use the trade names, service marks, and trademarks related to the Checkers system, which involves the operation of quick service hamburger restaurants utilizing specially designed buildings with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and information. Checkers, as the result of the expenditure of time, skill, effort and money, has developed and owns a unique and distinctive system relating to the establishment and operation of drive-thru and walk-up quick service restaurants featuring a specialized menu. The distinguishing characteristics of the Checkers system include, without limitation, special recipes and menu items; distinctive design, décor, color scheme and furnishings; uniform standards, specifications, and procedures for operations; consistency in uniformity of products and services offered; procedures for quality control; training and assistance; and advertising and promotional programs.

4. Checkers and its franchisees currently operate hundreds of Checkers restaurants worldwide. Checkers restaurants feature Checkers' distinctive trade dress, color scheme, signage, menu boards, product selection and names, interior design and drive-up windows. Since the Checkers system began in 1986, millions of customers have been served in Checkers restaurants.

5. The Checkers' marks associated with the Checkers restaurants have been very widely advertised and promoted by Checkers over the years. Checkers and its franchisees have expended in excess of $100 million in advertising and promoting their restaurants over the last

five (5) years. As a result, the Checkers' marks associated with the Checkers restaurants have become famous and readily recognizable.

6.     As a result of the extensive sales, advertising and promotion of items identified by the Checkers' marks, the public has come to know and recognize the marks associated with the Checkers system, and associates them exclusively with the products and services offered by Checkers and its franchisees. The marks associated with the Checkers system are among the best and most widely-known trademarks in the United States today, and are assets of inestimable value to Checkers, representing and embodying the goodwill and favorable reputation the Checkers' name has earned over time.

7.     Defendant, Hulon Fast Foods, Inc. ("HFF"), was the owner and operator of the Checkers restaurants located at: (I) 2110 W. Palmetto Street, Florence, South Carolina 29501, and (ii) 1245 S. Irby Street, Florence, South Carolina 29505 (collectively, the "Restaurants"). HFF operated the Restaurants pursuant to the (I) Checkers Drive-In Restaurants, Inc. Franchise Agreement dated December 7, 1995, and (ii) Checkers Drive-In Restaurants, Inc. Renewal Franchise Agreement dated December 6, 2006 (collectively the "Franchise Agreements"). Defendant, Michael G. Hulon, personally guaranteed the obligations of HFF under the Franchise Agreements pursuant to an Owners' Personal Guaranty of Franchisee's Obligations attached to each of the Franchise Agreements (the "Guaranties").

8.     Under Section 14.02(j) of the Franchise Agreements, Checkers had the right to terminate those agreements for failure to make payment of any amounts due to Checkers or any of its Affiliates if such failure was not cured within 10 days after written notice of such default.

9. HFF breached the Franchise Agreements by failing to pay (I) amounts owed to Checkers for royalties and other amounts due under the Franchise Agreements and (ii) contributions owed to the National Production Fund ("NPF") and required by the Franchise Agreements.

10. On or about July 13, 2010, Checkers sent a Formal Notice of Default (the "Notice of Default") to each of the Defendants, pursuant to which Checkers advised them of the defaults identified above.

11. Defendants failed to timely cure the defaults set forth in the Notice of Default as required by the Franchise Agreement.

12. On August 20, 2010, Checkers sent a Formal Notice of Termination (the "Notice of Termination") to each of the Defendants, pursuant to which Checkers advised them that the Franchise Agreements had been terminated for failure to pay the amounts identified in the Notice of Default.

13. The licenses granted by the Franchise Agreements have been terminated effective August 20, 2010.

14. Despite termination, Defendants have continued to use Checkers' name, trademarks, proprietary and confidential information and system, and have otherwise continued to hold themselves out to the public as an authorized franchisee of Checkers.

15. As a result of the Defendants continued use of Checkers' name, trademarks, proprietary and confidential information and system subsequent to August 20, 2010, Checkers has been and continues to be irreparably harmed.

16. Checkers has no adequate remedy at law and is entitled to permanent injunctive relief prohibiting defendants and all those acting in concert with them from operating the Restaurants and from otherwise infringing on Checkers' trademarks and trade name.

17. Pursuant to the Franchise Agreements and the Guaranties, Defendants have submitted to the jurisdiction of this Court and the relief requested is otherwise consistent with the provisions of the Franchise Agreements and applicable law.

18. Pursuant to the Franchise Agreements and the Guaranties, Defendants owe $78,811.98 to Checkers, which includes the following:

(a) royalties and interest thereon at the contract rate in the amount of $73,113.68; and

(b) NPF contributions in the amount of $5,698.30.

Based on the foregoing findings of fact and conclusions of law, it is ORDERED and ADJUDGED as follows:

1. The Motion for Entry of Default Final Judgment (Dkt. 14) is GRANTED.

2. Defendants, individually and collectively, and all those acting in concert therewith, are permanently enjoined from operating the Checkers' restaurants located at: (I) 2110 W. Palmetto Street, Florence, South Carolina 29501, and (ii) 1245 S. Irby Street, Florence, South Carolina 29505.

3. Defendants, individually and collectively, and all those acting in concert therewith, are permanently enjoined from utilizing the Checkers' trademarks, trade name, service marks, proprietary and confidential information and system.

4.      Defendants are ordered to comply with all post-termination obligations of the Franchise Agreements, including, without limitation, the provisions of paragraphs 16.02. Specifically, but without limitations, defendants shall:

(a)     not directly or indirectly at any time or in any manner use any trademarks, service marks or trade dress used to identify the services and/or products offered by Checkers Restaurants, including the mark CHECKERS® and the distinct building design and color scheme ("Mark") or any colorable imitation or other indicia of a Checkers restaurant;

(b)     take such action as may be required to cancel all fictitious or assumed name registrations relating to Defendants' use of any Mark;

(c)     notify the telephone company and all telephone directory publishers of the termination or expiration of the right to use any telephone number and any regular, classified or other telephone directory listings associated with any Mark and to authorize transfer of the number to Checkers or at Checkers' direction;

(d)     promptly remove from the Premises, and discontinue using for any purpose, all signs, fixtures, furniture, décor items, advertising materials, forms and other materials and supplies which display any of the Marks or any distinctive features, images, or designs associated with Checkers restaurants and, at Defendants' expense, make such alterations as may be necessary to distinguish the Premises so clearly from their former appearance as Checkers restaurants as to prevent any possibility of confusion by the public; and

(e) immediately cease to use all Confidential Information, as defined in the Franchise Agreement, and return to Checkers all copies of the Operations Manual and other confidential materials which have been loaned to defendants.

5. Plaintiff is entitled to damages from Defendants, jointly and severally, in the amount of $78,811.98.

6. The Clerk is directed to enter judgment against Defendants and in favor of the Plaintiff in the sum of $78,811.98

7. The Clerk is further directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2011.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

S:\Odd\2010\10-cv-2767.Default Final Judgment.wpd